IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV322-MU-02

| | |
|---|---|
| BRANDON CABBOTT JONES, )<br>    Petitioner, )<br>)<br>    v. )<br>)<br>MARVIN POLK, Warden, Central )<br>  Prison, )<br>    Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on petitioner's Petition Under 28 U.S.C. §2254 For Writ Of Habeas Corpus . . . ," filed August 3, 2006; and on the respondent's "Motion For Summary Judgment . . . ," filed August 18, 2006.

After having carefully reviewed those pleadings, it appears that the respondent may be entitled to a summary judgment as a matter of law. In particular, the respondent's Motion for Summary Judgment tends to establish, inter alia, that the instant Habeas Petition was untimely filed by habeas counsel; that he is not entitled to have his limitations period equitably tolled in order to excuse his one-day delay; and, in any event, that the petitioner is not entitled to relief on his claim of an excessive sentence because such challenge is foreclosed by the relevant legal precedent.

    **PETITIONER JONES, PLEASE READ THIS:**

The petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the respondent. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the respondent, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the declarant and sworn before a Notary Public. If the petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

The petitioner is further hereby advised that he has thirty (30) days from the filing of this Order in which to file such

documents, affidavits, or unsworn declarations in opposition to the respondent's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**THEREFORE, IT IS HEREBY ORDERED** that the petitioner has thirty (30) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the respondent's Motion for Summary Judgment.

**SO ORDERED.**

Signed: August 23, 2006

Graham C. Mullen
United States District Judge